## Buterbaugh v. Buterbaugh

*Merrill W. Kerlin,* for plaintiff.

MacPHAIL, P. J., February 15, 1972.—In this action for divorce, the master has recommended that the divorce be denied because of a procedural problem, although he was satisfied that a divorce should be granted on the merits. Plaintiff has filed exceptions to the master's report and recommendation and the matter is now before us for disposition.

As will appear from the caption of this case, plaintiff's name is styled as "Virginia Buterbaugh" and defendant's name is styled as "Leon Buterbaugh." Defendant was served personally but did not appear in the action nor was he represented by counsel.

At the master's hearing, plaintiff testified that her name was "West Virginia Buterbaugh" and that her husband's name was "Leon Alexander Buterbaugh." With her exceptions to the master's report, plaintiff has attached an affidavit stating that "Virginia" Buterbaugh and "West Virginia" Buterbaugh are one and the same person and that "Leon" Buterbaugh and "Leon Alexander" Buterbaugh are one and the same person. The marriage certificate was not offered in evidence and there is nothing in the testimony to indicate under what names the parties were married.

Rule 1126 of the Pennsylvania Rules of Civil Procedure requires plaintiff to set forth in the complaint the names of the parties. Obviously, this means the correct names. "It is of practical importance that the names of the parties should be fully and accurately spelled out in the complaint and that the pleadings and process, to final decree, should conform thereto. This will avoid confusion regarding the identity of the parties to the action and the sufficiency of notices": Freedman, Law of Marriage and Divorce, sec. 511. In Johnson v. Johnson, 17 Cumberland 67 (1966), the court referred a divorce action back to the master with leave to plaintiff to file an amended complaint where

plaintiff was identified in the pleading as "Kathleen Johnson," but testified that her correct name was "Mary Kathleen Johnson."

For practical and legal reasons, we believe the master's position is sound but that the error is correctible under Pennsylvania Rule of Civil Procedure 1033. We further believe that plaintiff should not be denied a divorce without the opportunity to amend, especially where it now appears that the parties to the action are and were known by both names.

It should also be indicated to counsel that one certain way to avoid a similar pitfall in the future would be to identify the parties to the action by their names as they appear on the certificate of marriage.

## ORDER OF COURT

And now, February 15, 1972, the report of the master is accepted as to the merits of the action, plaintiff's exceptions are dismissed and plaintiff is granted 20 days from this date to file an amended complaint which correctly sets forth the names of the parties to the action, whereupon a decree in the usual form will be entered.